# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| **TIMOTHY LAMAR JONES,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 4:18-cv-00135-CDL-MSH |
| | : | |
| **SHERIFF DONNA TOMPKINS,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

Plaintiff Timothy Lamar Jones has filed a motion for leave to appeal *in forma pauperis* in this action. Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 15. After reviewing the record, the Court enters the following Order.

Plaintiff seeks to appeal the judgment in favor of Defendants entered on January 16, 2019. Order Dismissing Compl., ECF No. 10; J., ECF No. 11. Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. Under 28 U.S.C. § 1915,

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Here, Plaintiff asserts that he is unable to obtain a new account certification form from the jail without a court order, and thus, that he is unable to submit an updated copy of his trust fund account statement with his motion for leave to appeal *in forma pauperis*. *See* Mot. for Leave to Appeal *In Forma Pauperis*, ECF No. 15. Nevertheless, Plaintiff's previous account statement indicates that he is unable to prepay the entire $505.00 filing fee. *See id.*

Second, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it

appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In this action, Plaintiff asserted that the defendants were deliberately indifferent to his serious medical need when he was given caumadin but his blood was not regularly monitored, resulting in his hospitalization. Recast Compl. 5-8, ECF No. 9. Plaintiff also alleged that Defendants Muscogee County and Sheriff Donna Tompkins were deliberately indifferent to his safety insofar as certain jail conditions were unsafe. *Id.* at 7.

On preliminary review, this Court found that Plaintiff had only made conclusory allegations with regard to Defendants Pout Morris, Dr. Parks, and Dr. Petty without providing any specific factual allegations to support his conclusory claims. Order 7, Jan. 16, 2019, ECF No. 10. Moreover, as to Defendant Correct Care Solution, Plaintiff had not alleged that this entity, the medical services provider for the jail, had a custom or policy that had caused any constitutional violation. *Id.* at 7-8. Similarly, this Court concluded that Plaintiff had failed to allege any facts showing that Sheriff Tompkins or Muscogee County had been involved in Plaintiff's medical treatment. *Id.* at 8-9. Thus, this Court found that Plaintiff had not stated a claim for deliberate indifference to his serious medical need. *Id.* at 7-9.

As to his deliberate indifference to safety claim, Plaintiff made generalized statements regarding overcrowding, gang activity, and failure to properly classify inmates, but these conclusory statements were insufficient to show that Plaintiff's safety was at risk.

*Id.* at 10.  Finally, although Plaintiff had arguably asserted sufficient facts to show a risk to his safety based on being left unattended, with no efficient way to get the attention of an officer, Plaintiff did not allege facts showing that Sheriff Tompkins or Muscogee County was deliberately indifferent to that risk.  *Id.* at 10-11.  Accordingly, this Court dismissed the complaint for failure to state a claim.  *Id.* at 11.

In his motion to appeal *in forma pauperis*, Plaintiff makes general assertions that Morris, Parks, and Petty should have ordered the proper amount of caumadin, monitored the amount Plaintiff was given, and prepared a treatment plan to ensure that Plaintiff was protected, including regularly drawing blood from Plaintiff.  Mot. to Proceed *In Forma Pauperis* 5, ECF No. 15.  Additionally, Plaintiff includes new allegations in his motion to proceed *in forma pauperis*, asserting that he saw Dr. Petty for follow-up visits, at which Petty failed to recognize that Plaintiff's blood had not been regularly checked and that Plaintiff was becoming ill as a result.  *Id.*  These new allegations, however, do not create an arguable issue for appeal, as new factual allegations not contained within a party's pleading will not be considered on appeal.  *See Betts v. Hall*, 679 F. App'x 810, 814 n.1 (11th Cir. 2017) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)).

In the remainder of his motion for leave to appeal *in forma pauperis*, Plaintiff reiterates the allegations set forth in his recast complaint, which were properly dismissed for the reasons discussed above.  Thus, the Court's review of Plaintiff's proposed appellate issues demonstrates that Plaintiff has not raised any issues with arguable merit.  Moreover, this Court's independent review of the record demonstrates that Plaintiff's appeal is frivolous.  The appeal, therefore, is not brought in good faith.  Consequently,

Plaintiff's application to appeal *in forma pauperis* is **DENIED**.

If Plaintiff wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Plaintiff has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to § 1915(b), the prison account custodian where Plaintiff is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Plaintiff is incarcerated.

**SO ORDERED**, this **3rd** day of **April, 2019**.

    s/Clay D. Land

CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA